UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOSE CASTRO, | No. C 06-7759 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| TIFFINE THOMAS, | |
| Defendant. | |

Joseph Jose Castro, an inmate at Deuel Vocational Institute, filed this pro se civil rights action under 42 U.S.C. § 1983, in which he complained that a correctional officer verbally harassed and pushed his face into a wall while he was incarcerated at San Quentin State Prison. His complaint is now before the court for initial review pursuant to 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

There is an exhaustion problem in this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

1  as are available are exhausted." 42 U.S.C. § 1997e(a).  The State of California provides its
2  inmates and parolees the right to appeal administratively "any departmental decision, action,
3  condition or policy perceived by those individuals as adversely affecting their welfare."  See
4  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies
5  within this system, a prisoner must proceed through several levels of appeal: (1) informal
6  resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level
7  appeal to the institution head or designee, and (4) third level appeal to the Director of the
8  California Department of Corrections.  See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378,
9  2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  Nonexhaustion
10 under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the
11 court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
12 exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

13         The materials submitted by Castro plainly show he has not exhausted administrative
14 remedies.  On the form complaint, Castro checked "no" in response to the question "is the
15 last level to which you appealed the highest level of appeal available to you?"  Complaint, p.
16 2.  He wrote that he had received an informal response "but when I shot it to the first level I
17 never received it back."  Id.  The first exhibit attached to the complaint was an inmate request
18 dated November 28, 2006, in which Castro asked what had happened to his inmate appeal
19 and whether he needed to file another inmate appeal.  The response was dated December 4,
20 2006 and stated that the "first level was partially granted on 11-17-06.  When did you
21 resubmit?"  He apparently did nothing further vis-a-vis the inmate appeal before mailing the
22 complaint to the court on December 12, 2006.  Although he may not have received a copy of
23 the first level decision when it was issued on November 17, 2006, he did not seek a
24 replacement copy of the first level decision and did not pursue the appeal to a higher level
25 before filing this action.  Castro's efforts did not satisfy the requirement that he exhaust
26 administrative remedies before filing his action in federal court.  For the foregoing reasons,
27 this action is DISMISSED without prejudice to plaintiff filing a new action after he exhausts
28 his administrative remedies.

2

The <u>in forma pauperis</u> application is DENIED without prejudice to plaintiff filing a new application with any new civil rights complaint. (Docket # 2.) No fee is due. The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 10, 2007

_____
Marilyn Hall Patel
United States District Judge